JAS. J. GRAVLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100445. Promulgated June 17, 1941.

*Robert T. Jacob, Esq.*, and *Ashley Greene, Esq.*, for the petitioner. *John H. Pigg, Esq.*, for the respondent.

ARNOLD: The respondent in computing the deficiency involved herein treated the amount of $63,279.33 representing the total amount of excess withdrawals by petitioner from the funds of the corporation during the years 1927 to 1936, inclusive, as an ordinary dividend received in 1936. This is predicated on the theory that the excess withdrawals were loans on an indebtedness owing by petitioner to the corporation and that in 1936 by the action of the corporation the petitioner was released from his obligation to repay such excess withdrawals. The petitioner contends that the excess withdrawals constituted dividends taxable in the year received.

Whether the withdrawals were loans or dividends is a question of fact. That no interest was charged or paid and no notes executed and delivered to the corporation by the petitioner do not conclusively establish that such withdrawals were dividends in the years received and not loans. *Harry E. Wiese*, 35 B. T. A. 701; affd., 93 Fed. (2d) 921; certiorari denied, 304 U. S. 562. The petitioner testified that he had no intention of repaying the withdrawals. The "Board is no more bound than is a jury to believe the statements of the most interested witness, even though there be no direct or affirmative evidence to the contrary." *Domestic Management Bureau, Inc.*, 38 B. T. A. 640, 646. Herein we have evidence to the contrary. The evidence shows that the petitioner controlled the corporation, that his account on the books of the corporation, as was well known to him, was treated by the corporation as an account receivable and an asset on its books of account, its balance sheets, and income tax returns during all the years 1927 to 1936, inclusive, and also in the transfer of the assets and liabilities of the corporation to the partnership, and that he never reported the excess withdrawals in his income tax returns as dividends in the year charged to his account. With respect to the occasion of his withdrawals, the petitioner also testified that "whatever my personal expenses were, or whatever I was investing in, I just borrowed money from the company and it was debited to my account the same as my salary was credited to my account." The account of petitioner shows that the total credits in many years were substantially in excess of his salary. In 1929 the total credits amounted to $78,680.73, of which only $15,600 represented salary. In that year his withdrawals of about $78,000, exclusive of salary, were offset by credits, exclusive of salary, of about $63,000, of which approximately $57,000 apparently represented cash credits. The account of petitioner shows substantial cash credits in other years during the period involved. The petitioner did, therefore, repay some of his withdrawals. The respondent determined that the excess withdrawals constituted loans. The evidence supports that determination. In the

light of such evidence the testimony of the petitioner is not very convincing. We, therefore, conclude that the excess withdrawals in the amount of $63,279.33, represented loans and not dividends in the years received. This conclusion eliminates the question of estoppel raised by respondent.

The respondent affirmatively alleged in his amended answer that the amount of excess withdrawals was $66,807.79 instead of $63,279.33. It is true that the excess withdrawals of all the years 1927 to 1936, excepting 1931 and 1933, aggregated $66,807.79. However, in 1931 and 1933 there were credit balances of $2,467.86 and $1,060.60. The respondent has failed to adduce any evidence showing that petitioner is not entitled to such credits against his withdrawals. The burden of proof in this respect rested upon respondent. The amount of the excess withdrawals as of December 31, 1936, is $63,279.33.

The next question to consider is whether the excess withdrawals represented ordinary dividends in the taxable year, as determined by the respondent, or liquidating dividends, as contended by the petitioner.

It is well settled that forgiveness or cancellation by a corporation of the debt owing to it by a stockholder, the corporation having sufficient surplus and the debtor being solvent, constitutes a distribution of a taxable dividend to the stockholder. *Allen* v. *Commissioner*, 117 Fed. (2d) 364; *Wiese* v. *Commissioner*, 93 Fed. (2d) 921; *Hugh H. Miller*, 25 B. T. A. 418. In the *Allen* and *Miller* cases the withdrawals were charged off against surplus. In the *Wiese* case the withdrawals were set up in a new account, entitled "Withdrawals of Profits not Formally Authorized in the Minutes of the Company," and the Board held that this account was in effect merely a subdivision of the surplus account and that the true surplus could not be determined except by transferring the debit balance of that account into the surplus account. Herein the excess withdrawals were not written off the books by a charge to surplus, but the petitioner's account was transferred as an account receivable from the corporation to the partnership as a part of the complete liquidation of the corporation. The petitioner's account was treated as an asset and disposed of by the corporation with and as a part of its assets. Since the evidence fails to show that the corporation forgave or canceled the indebtedness and since the evidence shows that petitioner's account was transferred to the partnership as an asset in the course of liquidation, it is our conclusion that it represented a liquidating dividend. *Sam Weisberger*, 29 B. T. A. 83; see *Fred T. Wood*, 27 B. T. A. 162. The amount of $63,279.33 should, therefore, be added to the liquidating profits as determined by respondent.

The petitioner contends that the value of his account in 1936 was only $5,936.39, representing the value of assets owned by him other

than his stock in the Alemite Co. We see no reason why that stock should be disregarded in determining the value of his account with the corporation. A similar contention was made in *Hugh H. Miller*, *supra*, and therein rejected. Furthermore, the partnership, in taking over the account, entered it on their books at its full amount of $63,279.33, and petitioner's interest in the corporation was reflected in the partnership assets. In our opinion the evidence does not warrant a finding that the value of the account was less than $63,279.33.

The petitioner concedes that the amount of $407.17 paid by the partnership for additional income taxes of the Jas. J. Gravley Co. is not an item to be considered in computing the profits realized by him upon the liquidation of the Alemite Co.

It appears from the evidence that in determining the value of $114,868.61 of the assets of the corporation as of December 31, 1936, the respondent allowed the additional income and excess profits taxes for 1934, 1935, and 1936 in the aggregate amount of $298.19 as a deduction, thus reducing the net worth as shown by the books of the corporation. The respondent did not allow the amount of $18.94 paid for interest on such taxes. It is conceded by respondent that the amount of $298.19, being the additional tax liability of the corporation as of December 31, 1936, represented a proper accrual on the books of the corporation, but not the interest except that portion of the interest attributed to the 1934 and 1935 deficiences up to December 31, 1936, since the interest on such taxes after December 31, 1936, and the interest on the 1936 deficiency had not accrued as at December 31, 1936. However, we are not here determining the net income of the corporation for 1936, but the amount received by the petitioner and his wife on liquidation. The amount received by them was reduced by the amount of the interest paid and the amount received should therefore be reduced by the interest paid in the amount of $18.94.

As to the claimed loss of $550.15, we are unable from the evidence to determine the nature of this loss. The accountant of the partnership testified that "in closing the books of the corporation, the final analysis shows a liquidation loss in that amount which had to be deducted from undivided profits * * * and it was necessary, then, to make that additional entry to completely close the books." It was stated by counsel for petitioner that he believed that the amount represented "an additional loss which resulted from some real estate adjustments" made on the books of the corporation. From the evidence this may have been nothing but a book adjustment. A taxpayer "seeking a deduction must be able to point to an applicable statute and show that he comes within its terms" *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. From the evidence we are unable

to determine the nature of the loss, if any. It may not therefore be considered in determining the profit realized by petitioner on liquidation of the corporation.

*Decision will be entered under Rule 50.*